IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Nolan Watson, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 25-cv-50049 |
| v. | ) Honorable Rebecca R. Pallmeyer |
| Latoya Hughes, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER, TO STAY DISCOVERY DIRECTED AT DEFENDANT HUGHES, & EXTEND THE TIME FOR DEFENDANT TACK TO RESPOND**

Defendant, Latoya Hughes, Acting Director of the Illinois Department of Corrections ("IDOC") and Andrea Tack, the Warden of Dixon Correctional Center, (*collectively* "Defendants") by and through their attorney, Kwame Raoul, Attorney General of Illinois, hereby move for (i) a stay in discovery issued to Defendant Hughes pending this Court's resolution of her Motion to Dismiss Plaintiff's Complaint; and (ii) a 30-day extension of time, from the date of the Parties' anticipated initial status conference for Defendant Tack to provide responses to Plaintiff's discovery requests. In support of thereof, Defendants state as follows:

**BACKGROUND**

Plaintiff, Nolan Watson, ("Plaintiff"), an inmate currently incarcerated at Dixon Correctional Center ("Dixon"), brought this action pursuant to 42 U.S.C. § 1983 alleging that Latoya Hughes, Acting Director of the IDOC, and Andrea Tack, Warden of Dixon, (i) "knowingly and with deliberate indifference" allow Dixon inmates,

1

including Plaintiff to be exposed to second hand synthetic cannabinoid smoke, or "K2," and (ii) have failed to "respond reasonably to limit or stop exposure, access, and the frequency or duration of the harms" from illicit drug use at Dixon in violation of the Eighth Amendment.[1] *See* ECF No. 1 at 7, ¶ 2.

Discovery has yet to commence and this Court has not entered a scheduling order. However, prior to the undersigned's appearance, before a responsive pleading was due from either Defendant and before the Parties first Rule 26(f) conference, Plaintiff, in contravention of the spirit of Rules 33-36, filed discovery directed at Defendant Tack on the docket; and prior to the entry of a scheduling order and before the Parties first Rule 26(f) conference Plaintiff has propounded discovery requests at Defendant Hughes—a Defendant who has filed a motion to dismiss Plaintiff's claims against her for failure to state a claim.

The Court may limit the timing, sequence, and manner of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) and (d). Therefore, Defendants respectfully request (i) a protective order staying discovery with respect to Defendant Hughes; and (ii) an extension of time for Defendant Tack to answer Plaintiff's written discovery requests.

## **PROCEDURAL POSTURE**

On August 8, Plaintiff filed on the docket his First Request for Admission directed at Defendant Tack. *See* ECF No. 28. The undersigned has never received these requests.

---

[1] K2 or "spice" is a synthetic drug intended to mimic THC, the main psychoactive ingredient of marijuana. The most common route of administration is smoking.

On October 6, Defendant Tack filed her Answer. *See* ECF No. 40. On October 8, 2025, Defendant Hughes filed a motion to dismiss Plaintiff's Complaint for failure to state a claim against her. *See* ECF No. 42. Plaintiff filed his response on October 20. *See* ECF No. 47. Defendant Hughes filed her reply on November 14. *See* ECF No. 51.

On October 10, Plaintiff filed his first request for admission directed at Defendant Hughes and mailed a copy to counsel for Defendants. *See* ECF No. 44.[2] The admissions are improper under Rule 36, dated October 9, and postmarked October 14. However, the undersigned did not receive these Requests until October 21. On October 21, this Court entered an order reminding Plaintiff "that discovery materials should not be filed on the docket…" *See* ECF No. 45.

On November 7, Plaintiff propounded his first set of interrogatories and requests for production at each Defendant respectively. In addition, Plaintiff issued two second sets of requests for admission to each Defendant.

On December 1, the Parties convened for their first Rule 26(f) Conference, to discuss a discovery schedule, and to complete the Report of Parties' Planning Meeting form pursuant to this Court's standing orders for initial status conferences. During the Parties first Rule 26(f) conference on December 1, Plaintiff agreed to provide an extension for the Defendants to answer his interrogatories until December 19. Under Rule 26(d)(2), Plaintiff's early requests for production were not considered served until December 1 and therefore Defendants' responses are not due until January 1.

---

[2] Plaintiff attempts to rely on these "admissions" in his Response to Defendant Hughes' Reply brief. *See* ECF No. 52.

3

Since an initial status conference has not been held, nor ordered, the parties have yet to submit their proposed discovery schedule, and this Court has not entered a scheduling order. Thus, Defendant Hughes respectfully requests a stay in discovery directed at her until 30-days after this Court's ruling on Defendant Hughes motion to dismiss; or in the alternative a, 30-day extension of time from the Parties initial status conference to answer Plaintiff's discovery requests directed at her. Defendant Tack respectfully requests only a 30-day extension of time from the Parties' initial status conference to provide her responses to Plaintiff's <u>properly</u> issued discovery requests. [3]

### **ARGUMENT**

"Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Epps v. Dart*, No. 22 C 2393, 2022 U.S. Dist. LEXIS 213505, at *13-14 (N.D. Ill. Nov. 28, 2022), citing, *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *See also,* Fed. R. Civ. P. 26(b)(2), (c), (d). "Rule 26(c) provides that a court may, for good cause, issue an order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure of discovery." *Epps,* 2022 U.S. Dist. LEXIS 213505, at *13-14; Fed. R. Civ. P. 26(c)(1)(A).

"Additionally, upon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[3] Plaintiff's First Request for Admission directed to Defendant Tack were filed on the docket and never served on the undersigned counsel. *See* ECF No. 28.

expense.'" *Crawford-El,* 523 U.S. at 599 (1998); Rule 26(c). The Court may also "set the timing and sequence of discovery." Rule 26(d); *Id.* The *Crawford-El* Court also noted that "[g]iven the wide variety of civil rights and 'constitutional tort' claims that trial judges confront, broad discretion in the management of the factfinding process may be more useful and equitable to all the parties…" *Id. At* 601; *See also, Williams v. Riegel,* No. 96-1692, 1997 U.S. App. LEXIS 2279, at *6 (7th Cir. Feb. 6, 1997) (Rejecting "[plaintiff's] claim that the facts he requested should be deemed admitted by default" in a § 1983 action where defendants moved to dismiss plaintiff's complaint for failure to state a claim.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *See also, Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005), quoting, *Landis,* 299 U.S. at 254. However, a stay requires a good justification. *Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995).

Consistent with Federal Rule of Civil Procedure 1, and to conserve time, costs, and resources, to all parties and the Court, Defendant Hughes respectfully request a stay in discovery, until this Court has ruled on Defendant Hughes's motion to dismiss Plaintiff's Complaint.

Defendants believe it is in the interest of judicial administration and efficiency to stay merits discovery directed at Defendant Hughes at this time and allow the

5

Parties to solely focus their efforts on Plaintiff's claims against Defendant Andrea Tack.

This will save time, money, and resources for all parties involved, and will potentially result in a more expedient resolution of this matter than if the parties needlessly continue merits discovery when Plaintiff has failed to state a claim against Defendant Hughes.

If the Court grants the proposed merits discovery stay, it will not prejudice or disadvantage any party but rather simplify the issues in question and reduce both this Court's and the Parties' litigation burdens until this Court Rules on Defendant's pending motion to dismiss. *See e.g., Genzyme Corp. v. Cobrek Pharms., Inc.*, 2011 U.S. Dist. LEXIS 16287, at *3 (N.D. Ill. Feb. 17, 2011).

Furthermore, Defendant Tack is not requesting a stay in merits discovery. Defendant Tack is the Warden of Dixon Correctional Center, the facility in which Plaintiff is presently incarcerated and that which forms the basis of his claim. Thus, Plaintiff will not be prejudiced since Defendant Tack will be able to provide responses to his written discovery requests, including relevant documents. Defendant Tack only asks for a 30-day extension, from the date of the Parties' initial status conference to provide her responses to Plaintiff's discovery requests currently due November 8 and January 1.

On December 1, 2025, pursuant to Federal Rule 26(f), a planning meeting was held, via telephone conference, and was attended by Nolan Watson, Plaintiff, proceeding *pro se*, and Assistant Attorney General Edward Parsons for the

6

Defendants.[4] During the Parties' conference, Plaintiff expressed his objection to the instant motion.

WHEREFORE, Defendants respectfully requests this Court (i) grant their motion for a stay of merits discovery issued to Defendant Hughes and an extension of time to respond to Plaintiff's discovery requests directed at Defendant Tack; (ii) enter an order staying merits discovery until this Court rules on Defendant Hughes's motion to dismiss Plaintiff's complaint; (iii) enter an order allowing Defendant Tack 30-dys from the Parties' initial status conference to provide her responses to Plaintiff's discovery requests; and (iv) for such further relief as the Court finds reasonable and just.

---

[4] Due to the time limits placed on calls with individuals in custody, the Parties were unable to complete their Rule 26(f) Report. The undersigned has therefore scheduled another call for Friday, December 5, and anticipates submitting the Parties report this week.

Dated: December 2, 2025

KWAME RAOUL
Attorney General of Illinois

Respectfully Submitted,

/s/ *Edward Parsons*
Edward Parsons
ARDC #6349840
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-0052
edward.parsons@ilag.gov
***Attorney for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 2, 2025, he electronically filed the foregoing, *Defendants Motion for a Protective Order, to Stay Discovery Directed at Defendant Hughes, and Extend the Time for Defendant Tack to Respond*, with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system; and hereby certifies that on the same date, he caused to be mailed by the U.S. Postal Service, in an envelope fully prepaid and properly addressed, a copy of the foregoing document to the following non-registered CM/ECF participants:

Nolan Watson (R25806)
Dixon Correctional Center
2600 North Brinton Avenue,
Dixon, IL 61021
***Plaintiff Proceeding***
***Pro Se***

/s/ *Edward Parsons*
Edward Parsons
ARDC #6349840
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-0052
edward.parsons@ilag.gov
***Attorney for Defendant***